# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 11, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| ANDREA DIXON, *next friend of* | * | UNPUBLISHED |
| J.D., *a minor,* | * | |
| | * | No. 17-1244v |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Decision Dismissing |
| AND HUMAN SERVICES, | * | Claim; Pentacel; Prevnar 13; |
| | * | Transverse Myelitis (TM); Acute |
| Respondent. | * | Flaccid Myelitis (AFM). |
| * * * * * * * * * * * * * * * * * * | | |

*Scott W. Rooney,* Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On September 13, 2017, Andrea Dixon ("petitioner") as next friend of J.D., a minor, filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). On September 4, 2014, J.D. received diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio virus ("IPV"), and haemophilus influenzae type B ("Hib") (administered together as "Pentacel") and pneumococcal conjugate ("Prevnar 13") vaccines, which are listed on the Vaccine Injury Table. *Id.* at ¶ 4. Petitioner alleged that as a result of said vaccines, J.D.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

developed acute flaccid myelitis ("AFM"). *Id.* at ¶ 34.[3] The information in the record, does not establish entitlement to compensation.

On February 26, 2021, petitioner filed a status report advising that she has agreed to voluntary dismissal. Petitioner's ("Pet.") Status Report (ECF No. 75). On March 10, 2021, petitioner filed a motion which confirms that she is seeking a decision dismissing her claim. Pet. Motion ("Mot.") (ECF No. 76).

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that she suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that she suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Here, an examination of the record does not contain any allegation or persuasive evidence that petitioner suffered a "Table Injury." Thus, she is limited to alleging causation-in-fact. The record does not contain persuasive evidence indicating that J.D.'s injury was caused or in any way related to the vaccine which she received.

Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. 42 U.S.C. § 13(a)(1). Here, the medical records are insufficient to establish entitlement. After respondent advised that he would defend against the claim, petitioner filed two experts' reports, *see* Pet. Exs. 17-18, to which respondent had two similar experts respond, *see* Resp. Exs. A, C. All four experts accepted that J.D. was correctly diagnosed with acute flaccid myelitis ("AFM"). At a status conference on July 16, 2019, held pursuant to Vaccine Rule 5, I identified additional questions pertaining to the nature of AFM, which bear on petitioner's burden of establishing causation-in-fact. *See* Order (ECF No. 51). Petitioner did not file supplemental expert reports. Instead, she averred that J.D.'s correct diagnosis is not AFM, but transverse myelitis ("TM"). However, a review of J.D.'s updated medical records supports that J.D.'s diagnosis is AFM. Pet. Ex. 38 at 1; *see also* Scheduling Order filed February 26, 2020 (ECF No. 63); Scheduling Order filed December 4, 2020 (ECF No. 74). Petitioner has now requested voluntary dismissal of her claim.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] *But see* Amended Petition filed September 24, 2018 (ECF No. 31) at ¶¶ 39, 52-53 (alleging that J.D.'s injury is transverse myelitis, which will be discussed below).

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).