# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 29, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| ANDREA DIXON, *next friend of* | * | UNPUBLISHED |
| J.D., *a minor,* | * | |
| | * | No. 17-1244v |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Vagueness; Block Billing; |
| | * | Percentage Reduction. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

*Scott W. Rooney,* Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 15, 2021, Andrea Dixon, as next friend of J.D., a minor ("petitioner") filed a motion for final attorneys' fees and costs ("Fees App.") (ECF No. 81). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award reasonable attorneys' fees of $42,222.31 and reasonable petitioner's costs of $1,017.02.

### I. Procedural History

On September 13, 2017, Andrea Dixon ("petitioner") as next friend of J.D., a minor, filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). On

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

September 4, 2014, J.D. received diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio virus ("IPV"), and haemophilus influenzae type B ("Hib") (administered together as "Pentacel") and pneumococcal conjugate ("Prevnar 13") vaccines, which are listed on the Vaccine Injury Table.  *Id.* at ¶ 4.  Petitioner alleged that as a result of said vaccines, J.D. developed acute flaccid myelitis ("AFM").  *Id.* at ¶ 34.  On March 15, 2021, a decision was entered granting petitioner's motion for voluntary dismissal of her claim for insufficient proof.  Pet. Motion (ECF No. 76); Decision (ECF No. 77).

On March 15, 2021, petitioner filed the present motion for final attorneys' fees and costs.  She requests $32,021.00 in attorneys' fees; $13,403.41 in attorneys' costs[3]; and $1,017.12 in costs which she personally incurred to obtain medical records.  Fees App. – Exhibit 1 at 16, 17, 19.  Pursuant to General Order number 9, petitioner has also filed a signed statement that she did not otherwise pay a retainer to counsel.  Pet. Supplemental Statement (ECF No. 83).  On March 16, 2021, respondent filed a response which provides that respondent defers to the Court's determination as to whether the statutory requirements for attorneys' fees and costs were met in this case.  Fees Response (ECF No. 82) at 2.  Petitioner has not filed a reply.  Petitioner's motion is now ripe for adjudication.

## II.   Legal Standard

The Vaccine Act provides that in the event that a petition results in compensation, the special master "shall" also award reasonable attorneys' fees and costs incurred in any proceeding on such petition.  42 U.S.C. § 300aa-15(e)(1).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In this case, petitioner voluntarily dismissed her claim and was not awarded compensation.  On the other hand, respondent has not argued specifically that the claim lacked either good faith or reasonable basis while it was active, nor do I find reasons to doubt that those were present.  J.D. was likely among the first cohort of children to develop AFM in the United States, in the fall of 2014.  Her counsel retained two knowledgeable medical professionals who initially supported the potential for vaccine causation.  But more recently, the CDC task force tasked with studying this newly discovered condition – which includes one of J.D.'s treating physicians – now tends to support a para-infectious etiology.  While not conclusive, the current thinking points away from vaccine causation.  Accordingly, petitioner had good faith and a reasonable basis to pursue her claim up to the point of its voluntary dismissal.

---

[3] Petitioner's motion avers that the total costs are $8,328.41, which does not factor in Dr. Marguiles's cost.  Pet. Fees App. at 2 and Exhibit 1 at 17.  However, he did include the invoice from Dr. Marguiles, who billed an hourly rate of $350.00 for 14.5 hours expended on the case, for a total of $5,075.00.  Pet. Fee App. – Exhibit 3.  Therefore, the total attorneys' costs are $13,403.41.

2

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.,* 515 F. 3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonable expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)). The Office of Special Masters ("OSM") has prepared ranges of reasonable hourly rates for attorneys of varying experience and for paralegals, which are posted on the Court's website.[4]

Petitioner "bears the burden of establishing [that] the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

**III.   Analysis**

**A.   Attorneys' Fees**

Petitioner avers that her attorney Mr. Scott Rooney should be paid an hourly rate of $300.00 for work performed in 2017 – 2018, increased to $350.00 in 2019 – 2021. Fees App. – Exhibit 1 at 5-16.[5] These rates are roughly consistent with past fee decisions and reasonable for the work performed in this particular case.

However, it is difficult to evaluate the tasks performed based on the submitted billing statements, which are generally vague and often lump together multiple tasks within a single entry. I and other special masters have repeatedly reduced Mr. Rooney's billing statements for this issue. *See, e.g.*, *Walker v. Sec'y of Health & Human Servs.*, No. 18-1433V, 2020 WL 8509738 (Fed. Cl. Spec. Mstr. Dec. 16, 2020). Here, more specificity would facilitate whether counsel was performing reasonable work to understand and communicate with petitioner and the experts about the novel injury at issue or alternatively, conducting merely duplicative work. This concern is particularly relevant given the delay between the Rule 5 status conference held in July 2019 and petitioner's eventual decision to dismiss the claim nearly two years later. Accordingly, I find it appropriate to reduce the attorneys' fees awarded by 10%, resulting in a deduction of $3,202.10. **Petitioner is awarded $28,818.90 in attorneys' fees.**

---

[4] Court of Federal Claims – Office of Special Masters, *OSM Attorneys' Forum Hourly Rate Fee Schedules*, at https://www.uscfc.uscourts.gov/node/2914.

[5] Petitioner's motion requests different rates and the accompanying billing entries reflect different hourly rates. I find that it is more appropriate to award the rates in the billing entries.

### B. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioner requests attorneys' costs of $13,403.41, which are for the filing fee, medical records, and expert reports from Drs. David Axelrod and Sheldon Marguiles. Pet. Fees App. – Exhibit 1 at 17 and Exhibits 3-4. Additionally, petitioner herself requests $1,017.02 for obtaining medical records. *Id.* at Exhibit 2. I find that these are reasonable and should be reimbursed.

### IV. Conclusion

In accordance with the foregoing, petitioner's motion for final attorneys' fees and costs is **GRANTED**. I find that the following is reasonable:

| | |
|---|---|
| Attorneys' Fees Requested | $32,021.00 |
| (Adjustment of Fees) | $ 3,202.10 |
| **Attorneys' Fees Awarded** | **$28,818.90** |
| | |
| Attorneys' Fees Requested | $13,403.41 |
| (Adjustment of Fees) | - |
| **Attorneys' Costs Awarded** | **$13,403.41** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$42,222.31** |
| | |
| Petitioner's Costs | $ 1,017.02 |
| (Reduction of Costs) | - |
| **Petitioner's Costs Reimbursed** | **$ 1,017.02** |

Accordingly, I award the following:

1) **A lump sum in the amount of $42,222.31, representing reimbursement for final attorneys' fees and costs, in the form of a check payable to petitioner and her attorney Scott Rooney.[6]**

2) **A lump sum in the amount of $1,017.02, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

...

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).